UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

EZEKIEL E. GAETA,                           )
                                            )
                              Plaintiff,     )
                                            )
            v.                              )   Case No. 2:17-cv-00356-JMS-MJD
                                            )
LOTZ TRUCKING, INC. and                     )
RICK J. SHOOPMAN,                           )
                                            )
                              Defendants.    )

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE**

**I.      INTRODUCTION**

On July 20, 2016, Defendant Rick J. Shoopman was operating a tractor-trailer owned by

Defendant Lotz Trucking, Inc. in the course and scope of his employment with Lotz Trucking, Inc.

Mr. Shoopman negligently drove the tractor-trailer striking Plaintiff Ezekiel E. Gaeta's vehicle.

Mr. Gaeta suffered personal injuries due to the auto collision caused by Mr. Shoopman. On June

23, 2017, Mr. Shoopman sued Defendants in the Vermillon County Circuit Court-Indiana. On July

27, 2017, Defendants filed a Notice of Removal [1] herein pursuant to 28 U.S.C. § 1446. On

August 21, 2017, Defendants filed their Answer [8] in response to Plaintiff's Complaint [1-2].

Defendants' Answer [8] was filed 25 days after Defendants filed their Notice of Removal [1].

Notably, Defendants failed to file their answer "within 21 days of receiving—through service or

otherwise—a copy of the initial pleading . . ." as required pursuant to Fed. R. Civ. P. 81(c)(2).

Further, Defendants failed to seek an extension or leave of court to file their answer out of time.

Defendants, per a court Order [11], filed an Amended Notice of Removal [12] on August 22, 2017.

Now, Plaintiff seeks an order striking Defendants' answer on the grounds of its untimely filing.

Alternatively, Plaintiff seeks to strike the qualified denials and insufficient defenses in the answer.

1

## II.   ISSUE STATEMENTS

1. Whether Defendants' answer is untimely when filed 25 days after the notice of removal.

2. Whether Defendants' answer contains qualified denials and/or insufficient defenses.

## III.   APPLICABLE RULES OF LAW

Rule 8(b) of the Federal Rules of Civil Procedure provides:

(1) *In General.* In responding to a pleading, a party must:

(A) state in short and plain terms its defenses to each claim asserted against it; and

(B) admit or deny the allegations asserted against it by an opposing party.

(2) *Denials—Responding to the Substance.* A denial must fairly respond to the substance of the allegation.

(3) *General and Specific Denials.* A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

(4) *Denying Part of an Allegation.* A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

(5) *Lacking Knowledge or Information.* A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

(6) *Effect of Failing to Deny.* An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

Fed. R. Civ. P. 8(b).

Rule 12(f) of the Federal Rules of Civil Procedure provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."

2

IV.     **ARGUMENT**

A.     **DEFENDANTS' ANSWER WAS UNTIMELY FILED WITHOUT LEAVE OF COURT AND SHOULD BE STRICKEN BY THE COURT.**

Rule 1 of the Federal Rules of Civil Procedure provides, "These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81." Rule 81(c)(2) of the Federal Rules of Civil Procedure provides, "After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." On July 27, 2017, Defendants file the Notice of Removal [1]. Defendants clearly received the complaint by that date. Over 21 days passed and Defendants did not file an answer or request for an extension of time. However, on August 21, 2017, Defendants filed their Answer without explaining its untimeliness. Thus, this Court should strike Defendants' Answer because it was filed untimely without leave.

"The Court's authority to strike an Answer rests not on a statute or rule, but on 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Agstar Financial Services, PCA v. Union Go-Dairy, LLC*, 2011 WL 772754, *1 (S.D. Ind. Feb. 25, 2011) (*quoting Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). Although the expeditious disposition of the case is an important consideration, the Seventh Circuit favors a policy of allowing cases to proceed on the merits. *Tektel, Inc. v. Maier*, 813 F.Supp. 1331, 1334 (N.D. Ill. 1992). It is within the trial court's discretion to consider untimely pleadings when good cause is shown and excusable neglect found to be the cause for the delay. Fed. R. Civ. P. 6(b). Here, Defendants have made no such showing.

3

### B.   DEFENDANTS' RESPONSES IN  PARAGRAPHS 1, 30, AND 44 OF ITS ANSWER ARE IMPERMISSIBLE, QUALIFIED ANSWERS.

Defendants employ the qualifying phrase "to the extent" or "[b]y way of further answering" in response to the allegations in paragraphs 1, 30, and 44 of Plaintiff's Complaint. The court should strike those portions of Defendants' answer because they are impermissible, qualified answers.

In responding to Plaintiff's complaint, Defendants must "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). If Defendants must give a qualified answer, they must "admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4); *see Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. Nov. 6, 2006) (striking defendant's answer where defendant began with the phrase "to the extent that" and then denied the remaining allegations, finding it was an impermissible "qualified answer"); *Trs. of Auto Mechs. Local No. 701 Pension & Welfare Funds v. Union Bank of Cal., N.A.*, No. 08 C 7217, 2009 WL 4668580, at *1 (N.D. Ill. Dec. 2, 2009) ("[The phrase] 'to the extent that' is a telltale tipoff that [the party] has failed to comply with the notice pleading requirements that the federal system imposes on defendants as well as plaintiffs."); *Baumann v. Bayer, AG*, NO. 02 C 2351, 2002 WL 1263987, at *1 (N.D. Ill. June 5, 2002) ("[I]t is of course obvious that any purported response that begins with 'to the extent that' is wholly uninformative.").

Defendants' incorporation of the phrase "to the extent" or "[b]y way of further answering" is akin to an impermissible, qualified answer. *See Do It Best Corp. v. Heinen Hardware, LLC*, No. 1:13-CV-69, 2013 WL 3421924, at *6 (N.D. Ind. July 8, 2013) ("[C]ryptic responses do not inform Plaintiff of whether their denials were based on the facts or otherwise."). Thus, the responses in paragraphs 1, 30, and 44 should be stricken from Defendants' Answer because they fail to answer the corresponding allegations in compliance with Rule 8(b)—which specifically requires it to state whether it admits, denies, or lacks information to form a belief as to the truth of an averment.

4

**C.     DEFENDANTS' AFFIRMATIVE DEFENSES ARE INSUFFICIENT AND SHOULD BE STRICKEN PURSUANT TO FED. R. CIV. P. 12(f).**

Defendants assert six affirmative defenses in its Answer; Plaintiff moves to strike them all. Affirmative defenses will be stricken "when they are insufficient on the face of the pleadings." *Heller Financial v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Defendants' six purported affirmative defenses relate to Plaintiff's comparative fault, proximate causation, compensation, mitigation of damages, and an alleged emergency. Defendants have done no more than recite the purported affirmative defenses, without providing any facts that support its application to this case. Defendants' purported affirmative defenses are as follows:

1.     Plaintiff's claim should be reduced by the Plaintiff's comparative fault.
2.     Plaintiff's claim is barred because the comparative fault of the Plaintiff exceeds fifty percent (50%).
3.     Defendants did not proximately cause the Plaintiff's damages and injuries, if any be found to exist.
4.     Plaintiff has already been fully or partially compensated for the injuries and/or damages of which he complains and is therefore not entitled to recover from Defendants, and/or such full or partial compensation is a set-off against any claim by Plaintiff against Defendants.
5.     Plaintiff has failed to mitigate his damages.
6.     Defendant, Rick J. Shoopman, was confronted with a sudden emergency not of his own making.

Defendants' barebones pleadings are not sufficient and should be stricken under Rule 12(f). *See Heller*, 883 F.3d at 1295 (finding it appropriate to strike affirmative defenses that are "nothing but bare bones conclusory allegations"). Accordingly, this Court should strike Defendants' six insufficient affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

**V.     CONCLUSION**

Therefore, this Court should GRANT Plaintiff's Motion to Strike and STRIKE Defendants' answer as untimely or, in the alternative, STRIKE the qualified answers in paragraphs 1, 30, and 44 of Defendants' Answer and Defendants' six (6) insufficient affirmative defenses.

Respectfully submitted,

Dated:  September 8, 2017

s/ Brian L. Ponder
Brian L. Ponder, Esq. (NY: 5102751)
BRIAN PONDER LLP
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 450-9461
Facsimile: (646) 607-9238
Email: brian@brianponder.com
ATTORNEY FOR PLAINTIFF

6

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served upon all parties of record via CM/ECF.

Respectfully submitted,

Dated: September 8, 2017

s/ Brian L. Ponder

Brian L. Ponder, Esq. (NY: 5102751)