IN THE UNITED STATES DISTRICT COURT
.Southern District of Indiana
Terre Haute Division

EZEKIEL E. GAETA,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )   Case No. 2:17-cv-00356-JMS-MJD
                                     )
                                     )
LOTZ TRUCKING, INC., and             )
RICK J. SHOOPMAN,                    )
                                     )
            Defendants.              )

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE**

Defendants Lotz Trucking, Inc. and Rich Shoopman, by counsel, responds to Plaintiff's Motion to Strike (See Dkt. 19.)

*A. Timeliness of Answer*

Defendants' Answer was untimely. Defendants sought and received an extension of time from the Vermillion Superior Court extending the time to file a responsive pleading up to and including August 21, 2017. (See Dkt. 1.) Defendants then removed the case to federal court on July 27, 2017 but Defendants counsel failed to re-calendar the due date of the responsive pleading from August 21, 2017 to August 3, 2017, the date the answer would be due under Fed. Rule Civ. Pro. 81(c)(2). The failure of the Defendants to file a timely answer is a result of excusable neglect and the answer should not be stricken.

The standard of review for excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (quoting *Pioneer*

1

*Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)) (internal quotations omitted). Relevant circumstances include "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Here, Defendants counsel erroneously relied on a prior judicial established deadline to file its answer.  Though imprudent and careless, the Defendants acted in good faith and the Answer was only eighteen (18) days late.  Moreover, the late Answer has not prejudiced the Plaintiff and has not derailed the progress of the case. Since the filing of Plaintiff's Motion, the parties have held an initial pre-trial conference with Magistrate Judge Dinsmore, agreed to a settlement conference on January 3, 2018, and served paper discovery.   Thus, the relevant circumstances surrounding the late Answer filed by the Defendants are such that the filing of the late Answer was the result of excusable neglect and the Answer should not be stricken.

### B. Impermissibly Qualified Answers

Plaintiff characterizes the Defendants' responses to three of the fifty-four paragraphs of Plaintiffs' complaints as impermissibly qualified.

Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Generally speaking, motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and

may be used for dilatory purposes." *Silicon Graphics, Inc. v. ATI Tech. ULC*, No. 06–C–611–C, 2007 WL 5312633, at *1 (W.D.Wis. Mar.12, 2007) (citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir.2006); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.1989)). Thus, motions to strike pleadings "will generally be denied unless the portion of the pleading at issue is prejudicial." *U.S. Liab. Ins. Co. v. Bryant*, No. 3:10–cv–129, 2011 WL 221662, at *1 (S.D.Ill. Jan.21, 2011). The decision whether to strike material under Rule 12(f) is within the discretion of the district court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir.1992).

The challenged parts of the answers are as follows:

**Plaintiff's Complaint:**

1. This is a civil action for personal injury damages and damage to property arising out of a collision that was caused by Defendant Rick J. Shoopman while working for Lotz Trucking, LLC on July 20, 2016

**Defendant's Answer**: In response to paragraph one (1) of Plaintiff's Complaint, Defendants assert that this paragraph does not contain a legal allegation but rather a statement of law and, therefore, no response is required.  To the extent an allegation is contained in paragraph one (1), Defendants are without sufficient information to admit or deny the allegations contained therein.

Plaintiff's contention in Paragraph 1 of Plaintiff's Complaint contains a statement of Plaintiff's case, describing that the case is for personal and property damage and arises out of a car accident involved the sued defendants. Defendants contend that the language of the posited answer does not impermissibly qualify the response and does not prejudice the Plaintiff.

**Plaintiff's Complaint:**

30.     Truck Driver owed a duty to Plaintiff to act reasonably under the circumstances.

**Defendant's Answer**:     As to the material allegations contained in paragraph thirty (30) of Plaintiff's Complaint, Defendants admit that Defendant Rick J. Shoopman owed all duties applicable to drivers under Indiana law.  Defendants deny the material allegations contained in paragraph thirty (30) to the extent that they are inconsistent with Indiana law.

The contention in Paragraph 30 asserts that the Defendant driver owes a duty to Plaintiff to act reasonably under the circumstances.  The response provided by Defendant admits that all duties established under Indiana law are owed by the Defendant driver to the Plaintiff. The second sentence of the Defendants' response does not impermissibly qualify the response and does not prejudice the Plaintiff.

**Plaintiff's Complaint:**

44.     Under the principles of respondent (sic) superior, actual agency, a parent agency, and/or lease liability, Defendant Lotz Trucking, Inc.  is vicariously liable for the negligent acts and omissions of Defendant Shoopman which led to the injuries and damages of Plaintiff.

**Defendant's Answer**:   Defendants admit the material allegations contained in paragraph forty-four (44) of Plaintiff's Complaint.  By way of further answering, Defendants deny any negligence.

The thrust of Plaintiff's contention in Paragraph 44 is that the Defendant trucking company is vicariously liable for the acts of the Defendant truck driver. Defendants admitted this contention.  The second sentence, a denial of negligence, is merely a reinforcement of the same denial made by Defendant in response to other Plaintiff allegations of negligence in the Complaint.   There is nothing improper about this response or any risk that the response will cause prejudice to Plaintiff.

C. *Insufficient Affirmative Defenses*

Plaintiff seeks the striking of all six of the affirmative defenses asserted by the Defendants because the affirmative defenses are but bare bones conclusory allegations.   The affirmative defenses are listed below:

Affirmative Defenses to Plaintiff's Complaint, allege and say:

1.     Plaintiff's claim should be reduced by the Plaintiff's comparative fault.

2.     Plaintiff's claim is barred because the comparative fault of the Plaintiff exceeds fifty percent (50%).

3.     Defendants did not proximately cause the Plaintiff's damages and injuries, if any be found to exist.

4.     Plaintiff has already been fully or partially compensated for the injuries and/or damages of which he complains and is

5

therefore not entitled to recover from Defendants, and/or such full or partial compensation is a set-off against any claim by Plaintiff against Defendants.

5.    Plaintiff has failed to mitigate his damages.

6.    Defendant, Rick J. Shoopman, was confronted with a sudden emergency not of his own making.

This case involves a two-vehicle accident where Plaintiff contends that the Defendant driver suddenly changed lanes into the path of Plaintiff causing the accident.  The Defendant driver contends that he had a safe clear zone to make his lane change and Plaintiff began to speed up in an attempt to pass the Defendant driver as the Defendant driver began his pass.  This information is contained in Indiana Officer's Standard Crash Report, which is possessed by parties.  To the extent that Plaintiff is still unaware of the factual underpinning of the Defendants' affirmative defenses, Plaintiff has served interrogatories on Defendants' which call for a recitation of the facts supporting all affirmative defenses asserted by Defendants.

*D.  Conclusion*

The Defendants' Answer was filed untimely but as a result of excusable neglect and should not be stricken.  The content of three paragraphs challenged by Plaintiff in his Motion to Strike is proper and not prejudicial to the Plaintiff. The content of Defendants' affirmative defenses is sufficient under Fed.R. Civ. Pro. 8 and also not prejudicial to Plaintiff.  If the Court concludes otherwise, Defendants respectfully request that the Court permit the Defendants to file an

6

Amended Answer pursuant to Fed. R. Civ. Pro 15(a)(2) to correct any deficiencies noted by the Court.

Respectfully submitted,

**TRAVELERS STAFF COUNSEL INDIANA**

By:  /s/ Paul T. Belch

Paul T. Belch, 18533-49

## CERTIFICATE OF SERVICE

The undersigned certifies that on <u>September 20, 2017</u>, a copy of this document was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

By:    */s/ Paul T. Belch*
Paul T. Belch, 18533-49

TRAVELERS STAFF COUNSEL INDIANA
280 East 96th Street, Suite 325
Indianapolis, IN 46240
PH (317) 818-5100
FX (317) 818-5124
pbelch@travelers.com