UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EZEKIEL E. GAETA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-00356-JMS-MJD |
| | ) |
| LOTZ TRUCKING INC, | ) |
| RICK J SHOOPMAN, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO STRIKE**

This matter comes before the Court on a *Motion to Strike*, filed by Plaintiff, Ezekiel Gaeta. [Dkt. 19.] Plaintiff asserts Defendants' Answer [Dkt. 8] was not timely filed as required pursuant to Rule 81(c)(2) of the Federal Rules of Civil Procedure. Alternatively, Plaintiff asserts that Defendants' responses in paragraphs one (1), thirty (30), and forty-four (44) of Defendants' Answer are impermissible, qualified answers because they incorporated the phrase "to the extent" or "[b]y way of further answering." Plaintiff further asserts Defendants' six "bare bones" affirmative defenses fail to provide any facts to support the allegations. Defendant concedes they untimely filed their answer. However, Defendants argue that their failure to file a timely answer is a result of excusable neglect. Defendants also argue that there is nothing improper about their responses or any risk that the responses will cause prejudice to Plaintiff. In addition, Defendants argue that Plaintiff is aware of the factual underpinning of Defendants' affirmative defenses. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion.

### I. Background

This is a tort action where Plaintiff alleges Defendants negligently hit Plaintiff while they were driving on a two-lane highway. On June 20, 2017, Plaintiff brought suit in Vermillion County (Indiana) Circuit Court. [Dkt. 1-2.] On July 27, 2017, Defendants filed their notice of removal to this Court pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a). [Dkt. 1.] On August 21, 2017, Defendants filed their answer to Plaintiff's complaint asserting six affirmative defenses. [Dkt. 8.] On September 8, 2017, Plaintiff filed this Motion seeking to strike all or part of Defendants' Answer. [Dkt. 19.]

### II. Discussion

Plaintiff argues Defendants' Answer should be stricken in its entirety because it was untimely filed. In the alternative, Plaintiff argues paragraphs one (1), thirty (30), and forty-four (44) of Defendants' Answer and paragraphs one (1), two (2), three (3), four (4), five (5), and six (6) of Defendants' affirmative defenses should be stricken because those paragraphs are impermissible qualified denials or insufficient defenses.

**A. Timeliness of Answer**

Plaintiff argues Defendants failed to file their answer within the time prescribed by Rule 81(c)(2) of the Federal Rules of Civil Procedure. [Dkt. 19.] Defendants agree that their Answer was untimely. [Dkt. 25. at 1.] However, Defendants argue that their failure to file a timely answer is a result of excusable neglect because Defendants sought and received an extension of time from the Vermillion Superior Court extending the time to file a responsive pleading up to and including August 21, 2017. [*Id.*] When Defendants removed the case to this Court on July 27, 2017, Defendants failed to re-calendar the due date of the responsive pleading from August

21, 2017 to August 3, 2017, the date the answer would be due under Federal Rule of Civil Procedure 81(c)(2). [*Id.*]

Once a case is removed from state court to federal court, "the state court orders issued prior to removal are not conclusive but remain binding until they are set aside." *Payne v. Churchich*, 161 F.3d 1030, 1037 (7th Cir. 1998) (citing 28 U.S.C. § 1450 (providing that all "orders and other proceedings had in such [state court] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court"); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 436 (1974) ("The 'full force and effect' provided state court orders after removal of the case to federal court was not intended to be more than the force and effect the orders would have had in state court.")). The law of the case doctrine provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case. *Redfield v. Cont'l Cas. Corp.*, 818 F.2d 596, 605 (7th Cir. 1987). The law of the case doctrine applies when a state court action is removed to federal court. *Id.* In *Granny Goose Foods*, the Supreme Court held that by providing that the state court proceedings are effective in federal court, judicial economy is promoted and the parties' rights are protected. *Granny Goose Foods, Inc.*, 415 U.S. at 435–36.

Here, Defendants sought and received an extension of time from the Vermillion Superior Court extending the time to file a responsive pleading up to and including August 21, 2017. [Dkt. 1-2 at 11–13.] Upon removal, the Vermillion Superior Court's Order remains binding because this Court did not set aside the Order. Defendants filed their answer on time because they filed it on August 21, 2017. [Dkt. 8.] Accordingly, Defendants' answer was timely filed and the Court declines to strike Defendants' Answer on the basis of untimeliness. The Court will proceed to

consider Plaintiff's challenges on the specific language used in portions of Defendants' Answer and the sufficiency of Defendants' six affirmative defenses.

### B. Qualified Answers

Plaintiff argues Defendants' responses in paragraphs one (1), thirty (30), and forty-four (44) of Defendants' Answer are impermissible qualified answers because they incorporated the phrase "to the extent" or "[b]y way of further answering." Defendants argue that there is nothing improper about their responses or any risk that the responses will cause prejudice to Plaintiff.

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In responding to a pleading, a party must "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). If a party must give a qualified answer, it must "admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). "Generally speaking, motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and may be used for dilatory purposes." *Silicon Graphics, Inc. v. ATI Tech. ULC*, No. 06–C–611–C, 2007 WL 5312633, at *1 (W.D. Wis. Mar. 12, 2017). Thus, motions to strike pleadings "will generally be denied unless the portion of the pleading at issue is prejudicial." *U.S. Liab. Ins. Co. v. Bryant*, No. 3:10–CV–129, 2011 WL 221662, at *1 (S.D. Ill. Jan. 21, 2011). District courts have considerable discretion in ruling on motions to strike. See *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

In *Valley Forge Insurance Company v. Hartford Iron & Metal, Inc.*, the Court held that Valley Forge's incorporation of the phrase "to the extent that further response may be required, the allegations in this paragraph are denied" (or a similar version) was "akin to an impermissible qualified denial" where the same phrase was used in fifty (50) paragraphs of Valley Forge's

answer. *Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, No. 1:14–CV–00006–RLM–SLC, 2017 WL 1101096, at *2 (N.D. Ind. Mar. 21, 2017) (citing *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897 (N.D. Ill. 2006) (striking defendant's answer where defendant began with the phrase "to the extent that" and then denied the remaining allegations, finding it was an impermissible "qualified answer"); *Trs. Of Auto. Mechs. Local No. 71 Pension & Welfare Funds v. Union Bank of Cal., N.A.*, No. 08 C 7217, 2009 WL 4668580, at *1 (N.D. Ill. Dec. 2, 2009) ("[The phrase] 'to the extent that' is a telltale tipoff that [the party] has failed to comply with the notice pleading requirements that the federal system imposes on defendants as well as plaintiffs."); *Baumann v. Bayer, AG,* No. 02 C 2351, 2002 WL 1263987, at *1 (N.D. Ill. June 5, 2002) ("[I]t is of course obvious that any purported response that begins with 'to the extent that' is wholly uninformative.")).

Here, unlike Valley Forge who incorporated the same phrase "to the extent that further response may be required" in fifty (50) paragraphs of its answer, Defendants only used the phrase "to the extent" in two (2) paragraphs and the phrase "[b]y way of further answering" in one paragraph of Defendants' Answer. [Dkt. 8.] Moreover, unlike Valley Forge's answers which were "wholly uninformative," the meaning of Defendants' answers in paragraphs one (1), thirty (30), and forty-four (44) are easily ascertainable.[1] Accordingly, because there is no risk that the portions of the pleading at issue are prejudicial to Plaintiff, the Court exercises its discretion and declines to strike paragraphs one (1), thirty (30), and forty-four (44) of Defendants' Answer.

---

[1] Paragraph one (1) of Defendants' Answer states in relevant part: "To the extent an allegation is contained in paragraph one (1), Defendants are without sufficient information to admit or deny the allegations contained therein." Paragraph thirty (30) states in relevant part: "Defendants deny the material allegations contained in paragraph thirty (30) to the extent that they are inconsistent with Indiana law." Paragraph forty-four (44) states in relevant part: "By way of further answering, Defendants deny any negligence." [Dkt. 8.]

### C. Affirmative Defenses

Plaintiff further argues Defendants' six "bare bones" affirmative defenses fail to provide any facts to support the allegations. Defendants argue that Plaintiff is aware of the factual underpinning of Defendants' affirmative defenses.

Affirmative defenses are pleadings and, as such, remain subject to all pleading requirements of the Federal Rules of Civil Procedure. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). They must thus set forth a "short and plain statement" of the defense, and they must give the opposing party "fair notice of the nature" of the defense. *Id.* at 1295. *See, e.g., Manley v. Boat/U.S. Inc.,* 2016 WL 1213731 (N.D. Ill. 2016). Therefore, a court may strike defenses that are "insufficient on the face of the pleadings," that fail "as a matter of law," or that are "legally insufficient." *Id.* at 1294.

It is well settled that defenses consisting of "nothing but bare bones conclusory allegations" are deficient. *Id.* at 1295. The exact amount of factual material that a defense must include, however, is unclear. The Seventh Circuit has yet to determine whether the more stringent pleading standard for complaints set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), also applies to affirmative defenses.[2] "As a practical matter, however, affirmative defense rarely will be as detailed as a complaint (or a counterclaim); nor do they need to be in most cases to provide sufficient notice of the defense asserted. But a problem arises when a party asserts boilerplate defenses as mere placeholders without any ***apparent*** factual basis." *Dorsey v. Ghosh*, No. 13–CV–05747, 2015 WL 3524911, at *4 (N.D. Ill. June 3, 2015) (emphasis added).

---

[2] Applying the more stringent *Twombly/Iqbal* pleading standard to affirmative defenses appears to be the majority view in at least one district in this Circuit. See *Shield Techs. Corp. v. Paradigm Positioning, LLC*, 2012 WL 4120440 (N.D. Ill. 2012); *Edwards v. Mack Trucks, Inc. et al*, 310 F.R.D. 382 (N.D. Ill. 2015).

In *Dorsey*, the Court held that while Defendants' Third Affirmative Defense, which stated that Plaintiff "failed to properly exhaust his administrative remedies prior to the filing of this litigation," contained no detailed factual allegations, it was nonetheless sufficient to put Plaintiff on notice of the nature of the defense that was being raised. *Id.* at *5. The Court reasoned that the process for exhausting administrative remedies was definite and known to the parties in the case. *Id.* The Court noted that "[w]hile [Plaintiff] might desire more information from [Defendants], such information may be explored during discovery." Furthermore, the Court noted that "much of the information necessary to determine the exhaustion issue [was] likely to be in the possession of the Illinois Department of Corrections." *Id.* Thus, Defendants would have to do some discovery themselves to "flesh out" the details of their defense and the Court granted them some "leeway" with respect to their pleading. *Id.*

Here, Defendants assert six affirmative defenses as follows:

1. Plaintiff's claim should be reduced by Plaintiff's comparative fault.
2. Plaintiff's claim is barred because the comparative fault of Plaintiff exceeds fifty percent (50%).
3. Defendants did not proximately cause Plaintiff's damages and injuries, if any be found to exist.
4. Plaintiff has already been fully or partially compensated for the injuries and/or damages of which he complains and is therefore not entitled to recover from Defendants, and/or such full or partial compensation is a set-off against any claim by Plaintiff against Defendants.
5. Plaintiff has failed to mitigate his damages.
6. Defendant, Rick J. Shoopman, was confronted with a sudden emergency not of his own making.

[Dkt. 8 at 5–6.] These defenses contain no detailed factual allegations. However, similar to the Court in *Dorsey*, this Court concludes that these defenses are nonetheless sufficient to put Plaintiff on notice of the nature of the defenses that are being raised. As Defendants pointed out in their brief, this case involves a two-vehicle accident where Plaintiff contends that the Defendant driver suddenly changed lanes into the path of Plaintiff causing the accident. [Dkt. 1;

Dkt. 25 at 6.] On the other hand, the Defendant driver contends that he had a safe clear zone to make his lane change and Plaintiff began to speed up in an attempt to pass the Defendant driver as the Defendant driver began his pass. [Dkt. 25 at 6.] This information is contained in the Indiana Officer's Standard Crash Report, which is possessed by both parties. [*Id.*] Moreover, as the Court in *Dorsey* noted, this Court notes that while Plaintiff might desire more information from Defendants, such information may be further explored during discovery. Accordingly, the Court grants Defendants some leeway with respect to their pleading and declines to strike Defendants' six affirmative defenses.

### III. Conclusion

For the foregoing reasons, Plaintiff's *Motion to Strike* [Dkt. 19] is **DENIED**.

SO ORDERED.

Dated: 1 NOV 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Paul Thomas Belch
TRAVELERS STAFF COUNSEL
pbelch@travelers.com

Duran Keller
KELLER LAW LLP
duran@kellerlawllp.com

Matthew David Miller
TRAVELERS STAFF COUNSEL OFFICE
mmille22@travelers.com

Brian Lamar Ponder
brian@brianponder.com